McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00143-DAD-BAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| SALVADOR CASTRO, ET AL., | DATE: February 8, 2021 |
| Defendants. | TIME: 12:30 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on February 8, 2021. This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California, including most recently, General Order 628.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 8, 2021.

2. By this stipulation, defendants now moves to continue the status conference until March

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

24, 2021, at 12:30 P.M. and to exclude time between February 8, 2021, and March 24, 2021, under Local Code T4.

  3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, numerous photographs and videos, hundreds of hours of recorded telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts of cellular telephone precise location data. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) The government has recently been notified that defendants plan to request additional discovery items.  Depending on the content requested, the government may need additional time to coordinate the collection and processing of the additional items once they have been identified.

    c) Counsel for defendants desire additional time to consult with their clients, conduct further investigation, review the voluminous discovery, prepare for a possible trial, and to continue to explore a potential resolution of the case.

    d) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) Counsel for defendants also note that because of the COVID-19 pandemic, the Fresno County Jail currently has restrictions on movement of inmates and video appearances are limited by the restrictions of the wide-angle camera at the jail, which limits the number of individuals who can appear on camera at a time.  Moreover, because of recent positive COVID-19 test results in the Fresno County Jail, a number of inmates, including defendants, have been placed into quarantine status, making appearing for court and meeting with counsel especially difficult.

    f) The government does not object to the continuance.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the

original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 8, 2021 to March 24, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 11, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  January 11, 2021

/s/ John Frederick Garland
John Frederick Garland
Counsel for Defendant
Raymond Lopez

Dated:  January 11, 2021

/s/ Mark A. Broughton
Mark A. Broughton
Counsel for Defendant
Daniel Juarez

Dated:  January 11, 2021

/s/ David A. Torres
David A. Torres
Counsel for Defendant
Michael Rocha

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Dated: January 11, 2021                               /s/ Anthony P. Capozzi
                                                      Anthony P. Capozzi
                                                      Counsel for Defendant
                                                      Manuel Barrera

Dated: January 11, 2021                               /s/ Barbara Hope O'Neill
                                                      Barbara Hope O'Neill
                                                      Counsel for Defendant
                                                      Jesse Juarez

Dated: January 11, 2021                               /s/ Virna Liza Santos
                                                      Virna Liza Santos
                                                      Counsel for Defendant
                                                      Angel Montes

Dated: January 11, 2021                               /s/ Dan Harralson
                                                      DAN HARRALSON
                                                      Counsel for Defendant
                                                      Rafael Lopez

Dated: January 11, 2021                               /s/ Mark Wade Coleman
                                                      Mark Wade Coleman
                                                      Counsel for Defendant
                                                      Manuel Garcia

Dated: January 11, 2021                               /s/ Carol Ann Moses
                                                      Carol Ann Moses
                                                      Counsel for Defendant
                                                      JoAnn Bernal

Dated: January 11, 2021                               /s/ Dale Aaron Blickenstaff
                                                      Dale Aaron Blickenstaff
                                                      Counsel for Defendant
                                                      Ramon Amador

Dated: January 11, 2021                               /s/ Michael William Berdinella
                                                      Michael William Berdinella
                                                      Counsel for Defendant
                                                      Raul Lopez

# **ORDER**

IT IS SO ORDERED that the status conference is continued from February 8, 2021, to **March 24, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv).

IT IS SO ORDERED.

Dated:   **January 13, 2021**         /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE