PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>SALVADOR CASTRO, ET AL.,<br><br>                Defendants. | CASE NO.  1:19-CR-00143-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND CONTINUING STATUS CONFERENCE AND TRIAL; AND ORDER<br><br>DATE: June 8, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on June 8, 2022, trial confirmation hearing on July 25, 2022, and trial on August 9, 2022.  This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California, including General Order 628 and several previous and subsequent related general orders.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

1    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

2    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

3    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

4    the ends of justice served by taking such action outweigh the best interest of the public and the

5    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

6    "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

7    ends of justice served by the granting of such continuance outweigh the best interests of the public and

8    the defendant in a speedy trial." *Id.*

9        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

10   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

11   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

12   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

13   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

14   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

15   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

16   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

17   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18       In light of the societal context created by the foregoing, this Court should consider the following

19   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

20   justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

21   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

22   pretrial continuance must be "specifically limited in time").

## STIPULATION

24       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

25   through defendant's counsel of record, hereby stipulate as follows:

26       1.    By previous order, this matter was set for status on June 8, 2022, trial confirmation

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   hearing on July 25, 2022, and trial on August 9, 2022

2       2.     **By this stipulation, defendants now move to continue the status conference until**

3   **November 9, 2022, at 1:00 P.M., trial confirmation hearing until February 13, 2023, at 9:00 a.m.,**

4   **and trial until February 28, 2023, at 8:30 a.m., and to exclude time between June 8, 2022, and**

5   **February 28, 2023, inclusive, under 18 U.S.C.§ 3161(h)(1)(D), 18 U.S.C.§ 3161(h)(6), 18 U.S.C.§**

6   **3161(h)(7)(A), B(i), (ii), and Local Code T4.**

7       3.     The parties agree and stipulate, and request that the Court find the following:

8           a)     The government has represented that the discovery associated with this case

9   includes investigative reports, numerous photographs and videos, hundreds of hours of recorded

10  telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts

11  of cellular telephone precise location data. All this discovery has been either produced directly to

12  counsel and/or made available for inspection and copying.

13          b)     Counsel for defendants desire additional time to consult with their clients, conduct

14  further investigation, review the voluminous discovery, prepare for a possible trial, and to

15  continue to explore a potential resolution of the case. Counsel are also waiting to argue several

16  pretrial motions, including defendants' motions to sever defendants from trial and to suppress

17  wiretap evidence.  Hearings on those motions are set for May 23, 2022, and July 5, 2022.

18  Several of the defendants anticipate filing reply briefs responding to the government's

19  oppositions to their motions.  In addition, the court has not yet ruled on any of these pretrial

20  motions, all of which are necessary to advance the case, either by way of pretrial resolution or

21  trial strategy.  Defense counsel needs to continue the trial (and this status conference) because of

22  the aforementioned motions as well as for continuity of counsel and to ensure defendants are

23  prepared for trial.  Defendant Angel Montes has recently obtained new counsel, who needs time

24  to meet with his client, review the voluminous discovery, conduct research and consider possible

25  pretrial motions, and prepare for trial.  Montes is a joined defendant in this case, see 18 U.S.C.§

26  3161(h)(6).  Finally, several counsel, including counsel for Manuel Barrera, Joann Bernal, and

27  Daniel Juarez, have conflicting trials that will necessitate a continuance for trial in this case to

28  permit them to be adequately prepared.

STIPULATION REGARDING EXCLUDABLE TIME       3
PERIODS UNDER SPEEDY TRIAL ACT

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      Counsel for defendants also note that because of the COVID-19 pandemic, the Fresno County Jail currently has restrictions on movement of inmates and video appearances are limited by the restrictions of the wide-angle camera at the jail, which limits the number of individuals who can appear on camera at a time, making appearing for court and meeting with counsel especially difficult.

e)      The government does not object to the continuance.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2022 to February 28, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(D), 18 U.S.C.§ 3161(h)(6), and 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 20, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  May 20, 2022

/s/ John Frederick Garland
John Frederick Garland
Counsel for Defendant
Raymond Lopez

Dated:  May 20, 2022

/s/ Mark A. Broughton
Mark A. Broughton
Counsel for Defendant
Daniel Juarez

Dated:  May 20, 2022

/s/ David A. Torres
David A. Torres
Counsel for Defendant
Michael Rocha

Dated:  May 20, 2022

/s/ Barbara Hope O'Neill
Barbara Hope O'Neill
Counsel for Defendant
Jesse Juarez

Dated:  May 20, 2022

/s/ Victor M. Chavez
Victor M. Chavez
Counsel for Defendant
Angel Montes

Dated:  May 20, 2022

/s/ Dan Harralson
DAN HARRALSON
Counsel for Defendant
Rafael Lopez

Dated:  May 20, 2022                          /s/ Carol Ann Moses
                                              Carol Ann Moses
                                              Counsel for Defendant
                                              JoAnn Bernal

Dated:  May 20, 2022                          /s/ Monica Bermudez
                                              Monica Bermudez
                                              Counsel for Defendant
                                              Ramon Amador

Dated:  May 20, 2022                          /s/ Michael William Berdinella
                                              Michael William Berdinella
                                              Counsel for Defendant
                                              Raul Lopez

Dated:  May 20, 2022                          /s/ Anthony P. Capozzi
                                              Anthony P. Capozzi
                                              Counsel for Defendant
                                              Manuel Barrera

## **ORDER**

IT IS SO ORDERED that the status conference is continued from June 8, 2022, to **November 9, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The trial confirmation hearing is continued until **February 13, 2023, at 9:00 a.m. before District Judge Dale A. Drozd**. The jury trial is continued until **February 28, 2023, at 8:30 a.m. before District Judge Dale A. Drozd**. Time is excluded between June 8, 2022, and February 28, 2023, inclusive, under 18 U.S.C. § 3161(h)(1)(D), 18 U.S.C. § 3161(h)(6), 18 U.S.C. § 3161(h)(7)(A), B(i), (ii).

IT IS SO ORDERED.

Dated:   **May 27, 2022**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE